UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MURTY ROMPALLI,<br><br>                              Plaintiff,<br><br>            -against-<br><br>63 WEST LLC; REAL NEW YORK LLC,<br><br>                              Defendants. | 1:22-CV-9617 (LTS)<br><br>ORDER DIRECTING PAYMENT OF FEES OR AMENDED IFP APPLICATION |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. To proceed with a civil action in this court, a plaintiff must either pay $402 in fees – a $350 filing fee plus a $52 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a completed and signed *in forma pauperis* ("IFP") application. *See* 28 U.S.C. §§ 1914, 1915.

Plaintiff submitted an IFP application, but his responses do not establish that he is unable to pay the fees to bring this action. Plaintiff states that he is employed, and that he earns $7,000 per month. He also asserts that, in the past 12 months, he has not received more than $200 of additional funds from a business, profession, or other self-employment, or from a pension, annuity, or from life insurance payments, but he does not specify whether he has received any such funds from other sources, as specified in his IFP application. Plaintiff further states that he has $25,000 in an account, but that he possesses no other assets of value. In addition, he states that he has monthly expenses in the amount of $2,500. Plaintiff does not state whether he has any financial obligations as to any dependents, but states that he owes the State of New York $50,000. Because Plaintiff has not fully and clearly shown his current financial situation, the Court is unable to conclude that he is unable to pay the fees to bring this action.

Accordingly, within 30 days of the date of this order, Plaintiff must either pay the $402 in fees or complete, sign, and submit the attached amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 1:22-CV-9617 (LTS), and address the deficiencies described above by providing facts to establish that Plaintiff is unable to pay the fees to bring this action. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* § 1915(a)(1).

No summons shall issue at this time. If Plaintiff complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, this action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:  November 18, 2022
         New York, New York

    /s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    Chief United States District Judge